Dear Mr. Hall:
You have requested an opinion of the Attorney General on behalf of the St. Tammany Fire Protection District No. 11 (District No. 11) regarding various circumstances which may result in vacancies on the board of commissioners of District No. 11. Your request raised the following questions:
1. When a person does not meet the qualification of office because the person is not a resident property taxpayer of the district at the time of his/her appointment to a fire protection district board, and accordingly, the appointment is invalid, is it necessary to declare a vacancy?
2. If the person is not qualified at the time of appointment, because the person is not a resident property taxpayer, is the invalidity of the appointment cured when the person subsequently becomes a resident property taxpayer during the term of office?
3. May the governing authority of a parish or municipality appoint its two members to a fire protection district board for a term exceeding the term provided for by state statute?
4. Since the current terms began in 2008 and, if limited to two-year terms as provided by the aforementioned statute, would have expired December 31, 2010, is it necessary for the governing authority of the Town of Pearl River to appoint new members, or reappoint the current two members, to two-year terms beginning January 1, 2011?
In regard to your first and second questions, you indicate that it appears that one of the members of District No. 11 was ineligible for appointment because, at the time, she was *Page 2 
not a resident taxpayer of the district. However, she has subsequently become a resident property owner within the district.
La.R.S. 40:19496(D)(1) provides for the qualifications of members of fire protection districts as follows:
 Each member of the board shall be a resident property taxpayer of the district.
In La. Atty. Gen. Op. No. 89-173 this office reviewed La.R.S. 40:1496(D) and concluded that a member of the board of commissioners must be a resident homeowner within the fire protection district, whether or not she actually pays ad valorem taxes on his home. "A taxpayer is one who either pays taxes or is liable for a tax . . . as are all homeowners. A citizen who reduces his or her federal income tax liability to zero by means of lawful exemptions and deductions is nonetheless a federal taxpayer." See La. Atty. Gen. Op. Nos. 89-173 and 01-02.
It remains our opinion that a member must own property within the district. Thus, it is our opinion that if a commissioner does not reside within the district, she does not meet the qualifications of that office. However, a vacancy is not automatically created in such a situation. The appointing authority can declare a vacancy and make a new appointment because of the matter. La. Atty. Gen. Op. No. 02-0053(A).
Under the circumstances presented within your request, it appears that the individual member of District No. 11 now possesses the qualifications to serve on the board. Accordingly, it is the opinion of this office that the individual member may continue to serve as there would be no basis to claim that she is not presently qualified to serve on the board. In other words, the original appointment is not void, but merely voidable, and inasmuch as no action was taken to remove the individual from the position, her subsequent acquisition of the qualification will cure any defect regarding her membership on the board. See La. Atty. Gen. Op. No. 80-1650.
With regard to your third and fourth questions, you state that the two members appointed by the Town of Pearl River state that they have been appointed for a term of four years. It is the opinion of this office that the members may only serve a term of two years. In reaching this conclusion, we have relied upon La.R.S. 40:1496(E).
Under La.R.S. 40:1496(E), each member serves a term of two years. At the expiration of that two year period, a member must be reappointed to serve another term, or a new individual must be appointed to fill that position. The term is fixed by statute and may not be extended by the governing authority of a parish or municipality. The legislature enacts laws, and if a longer term is deemed advisable, such change must be accomplished by legislative amendment. La. Atty. Gen. Op. No. 04-0294. *Page 3 
In accordance with above, the Town of Pearl River must appoint new members, or reappoint the current two members, to two year terms in accordance with La.R.S. 40:1496(E). However, it must be noted that La.R.S. 42:2 states the following:
 Every public officer in this state except in case of impeachment, suspension, or meeting the term limitations set forth in R.S. 42:3.2, shall continue to discharge the duties of his office until his successor is inducted into office.
Therefore, until a replacement is provided, the incumbent members will continue to serve.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Erin C. Day Assistant Attorney General
 JDC: ECD